UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARON DOUGLASS CASTLIN,<br>Petitioner,<br>v.<br>M. CATE,<br>Respondent. | CASE NO. CV 11-8636-DSF (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

On September 30, 2011, Petitioner filed a Petition for Writ of Habeas Corpus, seeking to challenge his May 2000 state conviction for attempted murder, assault with a deadly weapon, and possession of a weapon in prison. (Petition at 1.) In the Petition, he claims that his guilty plea was unlawfully obtained by, among other things, misrepresentations about the consequences of the plea and ineffective assistance of counsel. (Petition at hand-numbered pages 4-25.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred.

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Here, Petitioner's conviction became final on December 18, 2001--90 days after the state supreme

court denied his petition for review and the time expired for him to file a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Therefore, the statute of limitations expired one year later, on December 18, 2002. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner, however, did not file this Petition until September 2011, almost nine years after the deadline.

IT IS THEREFORE ORDERED that, no later than **November 21, 2011**, Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations. Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED: October 20, 2011

Patrick J. Walsh

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\CASTLIN, A 8636\OSC dismiss pet.wpd